Gardner
v.
Mitchell.

*New trial granted.*[2]

---

## S. MITCHELL et al. versus THE NEW ENGLAND MARINE INSURANCE COMPANY.

117

A plaintiff cannot be nonsuited against his consent, if he insists on his right to appear when called. *Semble.*

Where a ship insured was surveyed during the voyage and condemned as not worth repairing, and in an action upon the policy, the underwriters defended on the ground of unseaworthiness, it was *held* that the production of the survey was not essential to the support of the action.

THIS was *assumpsit* upon a policy of insurance, dated August 13, 1823, upon the ship Brothers and the outfits, at and from Nantucket to the Brazil Banks, &c. on a whaling voyage. The vessel was lost on the 31st of August, 1824, at Rio Janeiro.

The cause was tried before *Putnam* J., at Nantucket. The defence was, that the ship was unseaworthy. One Clark

---

Mitcnell
v.
New Eng-
land Mar
Ins. Co.
testified, that he, with three others, was called to survey the ship at ·Rio Janeiro ; that they reported that she should be condemned ; and that they gave the survey to the American chargé d'affaires, at that place.   The witness stated in detail the condition of the vessel.   The testimony of Clark was contradicted by witnesses on the part of the plaintiffs.   The log-book was proved and given in evidence.   The plaintiffs offered the protest ; to which the defendants objected.   The defendants called for the survey, but the plaintiffs did not produce it, nor give any excuse for not producing it, and for that reason the  defendants' counsel moved that the plaintiffs should  be nonsuited.   The motion however was overruled, and a verdict was returned in favor of the plaintiffs.   If they ought to  have been nonsuited, the verdict was to be set aside and  a new trial granted.

March 24th.  L. *Williams* now insisted that the plaintiffs ought to have been nonsuited for not producing the  survey, and cited *Garrigues* v. *Coxe*, 1 Binney, 597 ; *Armroyd* v. *Union  Ins. Co.* 2 Binney, 394 ; *Mar. Ins. Co. of Alexandria* v. *Wilson*, 3 Cranch, 192 ; *Haff* v. *Mar. Ins. Co.* 4 Johns. R. 132.

*T. G. Coffin*, for the plaintiffs.   If the survey was a paper which. we were  bound to  produce, the non-production of it would  let the other party into secondary evidence, but  was not a ground of nonsuit.   The protest and survey are comparatively of little  consequence, and may be controlled by other  evidence.   The log-book is the  important document, and that was produced.   Stevens on Av. 152.

*Hubbard*, in reply.   In *Gordon* v. *Mass. F. & M. Ins. Co.* 2 Pick. 264, the Court say that the survey, though not conclusive, is very  strong evidence of the condition of the vessel ; it is therefore a material document.   It is the duty of the  master to call  upon skilful persons, to make the survey, and the owner is always bound to produce their  report, to justify the conduct of the master.   It is *primâ facie* evidence of the facts which it states.   [*Parker* C. J.   Does it make any difference, that you had from Clark what was stated in the survey ?]   It does not appear that he testified all that the survey contained.   He was but one witness, and the jury might have

disbelieved him, when they would have given credit to the survey

The Court have power to order a nonsuit for the insufficiency of the plaintiffs' evidence. Anc. Charters, &c. 46 ; *Rose* v. *Learned*, 14 Mass. R. 154. [*Pratt* v. *Hull*, 13 Johns. R. 335.]·

*Per Curiam.* We are not clear that the judge had a right to order a nonsuit in the present case. When a nonsuit is directed, the party is called, and if he appears when called, how can he be nonsuited ? There is in such case no contempt of Court. We are not certain that the same difficulty does not occur in England. In *Watkins* v. *Towers*, 2 T. R. 281, where it was alleged that there was a deficiency of evidence on the part of the plaintiff, and a motion was made to nonsuit him, *Grose* J. said, "I should think that we could not order a nonsuit to be entered against the consent of the plaintiff." In *Aylett* v. *Lowe*, 2 W. Bl. 1221, it was decided by all the court, that it was impossible to order a nonsuit to be entered, unless by consent, after the plaintiff had appeared and a verdict had been taken. We should think that nonsuits have been entered rather by consent, upon the recommendation of the judge, either with a view to raise a question of law, or because the counsel were satisfied that the action could not be sustained. [1] If the defendants considered the production of the survey indispensable to a recovery by the plaintiffs, they should have requested the judge to instruct the jury to that effect, and then the question might have been properly brought before the whole Court. A motion to nonsuit was not correct in point of form. But if there was substantial ground for such application, the defendants should have a remedy. That the survey is a very important paper, though not conclusive evidence, cannot be doubted ; 2 Pick. 263 ; and it is to be considered, what shall be the effect of its non-pro-

Mitchell
*v.*
New England Mar.
Ins. Co.

*March 25th.*

119

---

[1] See 1 Stark. Ev. (5th Am. ed.) 471 to 473; *Ward* v. *Mason*, 9 Price, 291; *Elworthy* v. *Bird*, 13 Price, 222. But see *Perley* v. *Little*, 3 Greenl. 97; *Sanford* v. *Emery*, 2 Greenl. 5. If the plaintiff proves all that is laid in his declaration he ought not to be nonsuited. The only ground of nonsuit at the trial is, that the proof is not sufficient to support the declaration *Safford* v. *Stevens*, 2 Wendell, 158.

Mitchell
v.
New England Mar.
Ins. Co.

duction. In *Haff* v. *Marine Ins. Co.* 4 Johns. R. 132, the survey had not been shown to the underwriters before the action was commenced, and the question was, whether there had not been a deficiency of preliminary proof of the loss, and not whether the non-production of the paper at the trial was fatal; but the case was determined upon a special clause in the particular contract. This seems to be, in effect, an application for setting aside the verdict for the want of evidence necessary to sustain the action. On the part of the defendants was the testimony of one . of the surveyors, tending to show that the ship went to destruction from natural decay; and there was evidence to the contrary on the other side. On which side the evidence preponderated, it is not material to inquire, since this is not an application to set aside the verdict as being against the weight of the evidence. But the question is,. whether the production of the survey was indispensable; and we think it was not. [1] The defendants had seen that document, and they had the benefit of it, and perhaps to a greater degree than if the paper itself had been produced. We therefore cannot grant a new trial.

*Judgment according to verdict.*

---

[1] See 2 Phillips on Ins. 439; *Robinson* v. *Clifford,* 2 Wash C. C. R. 1